SADIE MAE WILLIAMS, PLAINTIFF, AND ROY LEE WILLIAMS, ADDITIONAL
    PLAINTIFF, v. DON BRYCE MILLER AND BENNIE DENNIS MILLER,
    DEFENDANTS.

(Filed 22 November, 1961.)

APPEAL by defendants from *Gwyn, J.,* May Term, 1961, of ROWAN.
    Civil action growing out of a collision between a 1957 Mercury, owned by plaintiffs and operated by plaintiff Sadie Mae Williams, and a 1955 Mercury, owned by defendant Bennie Dennis Miller and operated by defendant Don Bryce Miller. It was admitted that Bennie Dennis Miller was liable, under the family purpose doctrine, for the actionable negligence, if any, of his minor son, Don Bryce Miller, then sixteen years of age.
    The collision occurred on the Greensboro Road (Old Highway #29), approximately one and one-half miles north of Lexington, about 4:00 p.m. on March 18, 1960. Prior to collision, both cars had proceeded north on said highway, the Williams car ahead of the Miller car. The highway was approximately eighteen feet wide. It had no marked center line. The collision occurred in a 35-mile speed zone.

WILLIAMS *v.* MILLER.

Plaintiffs' evidence, in substance, tended to show: Upon reaching the crest of a hill, Mrs. Williams put on her signal for a left turn and proceeded slowly a distance of one hundred feet or more until she reached the point where she was to turn left into a private driveway. While doing so, she looked in her rear vision mirror but saw no car approaching from the rear. In attempting to make the left turn, she had barely crossed the center of the highway when the left front fender and bumper of the Williams car was struck by the right rear fender of the Miller car. Skid marks made by the Miller car started on the right side of the highway and extended to the point of collision. At the scene of collision, the driver of the Miller car stated, *inter alia,* that he did not see the Williams car; that he was traveling approximately fifty miles an hour; and that "he was going that fast because he was in a hurry to get home."

Defendants' evidence as to what occurred on the occasion of the collision consisted of the testimony of Don Bryce Miller, the driver of the Miller car. His testimony, in substance, tended to show: The Williams car, when he first saw it, was parked on the side of the road, "half on the road and half off." Mrs. Williams gave no signal for a left turn. He was proceeding on his right side of the highway. As he started to pull around the Williams car, Mrs. Williams "started to turn in this driveway on the left." He put on brakes and skidded. His speed was "around 35 or 40." He denied the statements attributed to him by witnesses for plaintiffs.

Issues of negligence and contributory negligence, raised by the pleadings, were answered in favor of plaintiffs; and the jury awarded damages for personal injuries sustained by Mrs. Williams and for damage to the Williams car.

Judgment for plaintiffs, in accordance with the verdict, was entered. Defendants excepted and appealed, assigning errors.

*George R. Uzzell and Robert M. Davis for plaintiffs, appellees.*
*Linn & Linn for defendants, appellants.*

PER CURIAM.    Defendants strongly and ably contend that the court erred in overruling their motion for judgment of nonsuit in that (1) plaintiffs' evidence establishes that Mrs. Williams was contributorily negligent as a matter of law, and (2) there was a fatal variance between plaintiffs' allegations and proof. However, after careful consideration of the pleadings and evidence, the conclusion reached is that defendants' said motion was properly overruled.

Careful consideration of each of the assignments of error brought forward and discussed in defendants' brief fails to disclose any error

of law deemed of sufficient prejudicial effect to warrant a new trial. As to assignments of error relating to the court's charge, the instructions given were sufficient to draw into focus the crucial questions of fact for jury determination and to apply the law thereto in substantial accord with decisions of this Court. No new question of law is involved. Hence, it would serve no useful purpose to discuss each of defendants' assignments of error in detail.

No error.